GEORGE A. WHITNEY and JOHN B. FENNE, Respondents, v. WILSON FLINT, Appellant.

No. 588; October 1, 1855.

**Trial—Special Verdict.—Where a Complaint Sets Up a Contract** whereby the plaintiff was to release a debt due from defendant and give him an acceptance for more money, in consideration for which defendant was to deliver certain merchandise to him, and alleges then that afterward the parties changed the contract to the extent that the payment of sixteen hundred dollars by defendant to plaintiff was substituted for the delivery of the merchandise, and the jury at the trial brought in a special verdict to the effect that the contract as set up in the complaint was the contract of the parties, the verdict is not bad as leaving questions of fact for the court to find.

**Appeal.—A Judgment will not be Reversed** as being against the weight of the evidence when there is sufficient in the record to justify it.

'APPEAL from Twelfth Judicial District, San Francisco County.

Jesse McHenry for respondents; Crittenden & Hoge for appellant.

BRYAN, J.—The complaint in this cause sets up a contract between the parties by the terms of which the defendant was to deliver to plaintiff a lot of merchandise, in consideration of the release to him of a debt due from him to the plaintiff and an acceptance for a further amount of money.

The complaint also alleges that afterward, and before the delivery of the merchandise, another engagement was substituted for the above, by the terms of which defendant agreed to pay sixteen hundred dollars. A special verdict was rendered in the cause to the effect that the contracts set up in the complaint were the contracts of the parties. Counsel object that this is not such a verdict as the court could render its judgment upon, because the facts are not so presented as that nothing could remain to the court but to draw from them its conclusions of law. I cannot perceive that this objection

has any weight. The complaint sets up certain contracts between the parties by the terms of which the defendant was first to deliver property, and by the second to pay an agreed amount of money, the one substituted for the other. Upon a verdict that the contract sued upon was the contract of the party, the court could have no difficulty in entering its judgment.

Upon the second point made by appellants the aid of the statute of frauds is improperly invoked. If, in the first place, the property to be delivered was subject to the order of the plaintiff, the property was not removed by them, and the transaction, in any event, could be disregarded by making a subsequent agreement in regard to the payment of the debt.

The proof shows that there was merely a change of the mode of payment of an existing debt. The evidence as disclosed by the record is sufficient to justify the verdict, and this court will not reverse a judgment for the reason that the weight of evidence is opposed to the finding of a jury where there is sufficient in the record to justify their finding.

The judgment of the court below must be affirmed, with costs.

I concur: Murray, C. J.